UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LINDA MEEHAN,

        Plaintiff,

v.

BATH AUTHORITY, LLC D/B/A
DREAMLINE and HOME DEPOT, INC.,

        Defendants.

Civil Action No. 18-17444 (FLW)(ZNQ)

**MEMORANDUM OPINION
AND ORDER**

## I.    INTRODUCTION

This matter comes before the Court upon Defendant Bath Authority's ("Defendant") Motion for Leave to File a Third-Party Complaint (the "Motion")[1], (ECF No. 34). Plaintiff Linda Meehan ("Plaintiff") opposed. (Pl.'s Opp'n, ECF No. 35.) The Court has carefully considered the parties' arguments, and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1. For the reasons set forth herein, Defendant's Motion is denied.

## II.    BACKGROUND

Plaintiff initiated this action by filing her Complaint on December 20, 2018. (Compl., ECF No. 1.) Plaintiff purchased a glass shower door from Home Depot. (Pl.'s Opp'n at 2). Defendant manufactured the door. (*Id*.) Plaintiff's live-in boyfriend and his friend, Victor Roa and Mark Mercurio, assembled and installed the shower door on or around August 16, 2016. (*Id.* at 3.) On

---

[1] Defendant did not file a brief with the Motion. Defendant asks the Court to consider the certification of Lewis K. Jackson, Esq., counsel for Defendant, along with the attached exhibits.

January 4, 2017, as Plaintiff was showering, Plaintiff alleges that the glass door shattered into many pieces, leaving Plaintiff with several injuries. (*Id.*) Plaintiff's Complaint includes claims of strict products liability and breach of warranties against Defendant. (*See generally,* Compl.) Defendant now seeks leave to file a Third-Party Complaint against Roa and Mercurio. (Certification of Lewis K. Jackson ("Jackson Certification") at 1.) Defendant alleges that Roa and Mercurio "may be liable for all or part of Plaintiff's claim against [Defendant]." (Jackson Certification at 1.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 14(a)(1) provides "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. However, the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." The decision to allow joinder under Rule 14 rests in the sound discretion of the Court. *Spencer v. Cannon Equip. Co.*, No. 07-2437, 2009 WL 1883929, at *2 (D.N.J. June 29, 2009). "Courts have considered the following factors in exercising their discretion on whether to permit impleader under Rule 14(a): '(1) the timeliness of the motion; (2) the probability of trial delay; (3) the potential for complication of issues at trial; and (4) prejudice to the original plaintiff.'" *Id.* (quoting *Ronson v. Talesnick*, 33 F.Supp.2d 347, 356 (D.N.J.1999)). "A third-party plaintiff's claim must present a theory upon which the third-party defendant can be liable to the third-party plaintiff under some theory of secondary liability, i.e., indemnification, contribution, or some other theory of derivative liability recognized by relevant substantive law." *Ronson v. Talesnick*, 33 F.Supp.2d 347, 356 (D.N.J.1999). Notably, "a third-party plaintiff may not present a claim of the third-party's liability to the original plaintiff." *Id.*

## IV.    DISCUSSION

Defendant seeks leave to file a Third-Party Complaint against Roa and Mercurio, the two individuals who installed the glass door. In the Third-Party Complaint, Defendant alleges that the damages alleged by Plaintiff were proximately caused and contributed to by the negligent acts and omissions of Roa and Mercurio. (Third-Party Compl. at 1.) Defendant further alleges that if Defendant is found liable to Plaintiff, Roa and Mercurio are joint tortfeasors and therefore, Defendant demands contribution pursuant to the Joint Tortfeasor Contribution Law, N.J.S.A. 2A:5-3A et seq. and the Comparative Negligence Act of New Jersey, N.J.S.A., 2A:15-5.1 et seq. (*Id*.) Additionally, Defendant seeks common law indemnification. (*Id.* at 2.) Defendant contends that during a conference with the Court on or around May 2, 2019, Defendant stated that a third-party complaint would not be filed until Defendant had a "factual basis and good faith reason" to do so. (Jackson Certification at 2.) Defendant now argues that the expert report from Mr. Stichter provides a factual basis and good faith reason to file the proposed Third-Party Complaint against Roa and Mercurio. (*Id.*)  In his liability expert report, Mr. Stichter opined that he found "no evidence that the failure of the shower door was designed or manufactured with a defect that caused it to fracture" and "[r]ather, a roller guard was improperly installed." (Stichter Expert Op. at 12-13, Def.'s Ex. C.)  Defendant argues that Roa and Mercurio "may be liable for all or part of the Plaintiff's claim" against Defendant. Defendant further argues that it is not filing this Motion for the purpose of delay. (Jackson Certification at 2.)

First, Plaintiff argues that Defendant's Third-Party Complaint seeking contribution would be futile because the proposed third parties are not joint tortfeasors subject to contribution. (Pl.'s Opp'n at 6.) Plaintiff further argues that Defendant is not entitled to common-law indemnification. (*Id*. at 8.) Plaintiff also argues that Defendant's Motion is not timely, as discovery has ended and

3

Defendant knew about Roa and Mercurio when Plaintiff identified them in her initial disclosures and during her deposition a few months later. (*Id*.) Next, Plaintiff argues that the Third-Party Complaint would cause significant delay as discovery has ended, a site inspection has occurred, the parties have exchanged liability and damages expert reports, and the case is ready for settlement discussions. (*Id*. at 10.) Plaintiff also argues that adding two new defendants would complicate issues for the jury as the jury would have to simultaneously focus on a products liability case and a negligence case. (*Id.* at 11.) Moreover, Plaintiff argues that Defendant's Third-Party Complaint would unduly prejudice Plaintiff. (*Id*. at 12.)

In determining whether to grant leave to file a Third-Party Complaint, the Court considers the following factors: "(1) the timeliness of the motion; (2) the probability of trial delay; (3) the potential for complication of issues at trial; and (4) prejudice to the original plaintiff." *Spencer*, 2009 WL 1883929 at *2. The decision also rests within the sound discretion of the Court. (*Id*.)

First, the Court considers the timeliness of the motion. It is clear that Defendant seeks leave to file the Third-Party Complaint well after the 14-day time frame provided by Fed. R. Civ. P. 14, and therefore, whether leave is granted is within the sound discretion of the Court. The Court finds that Defendant's Motion is not timely. Defendant was aware that Roa and Mercurio installed the glass door since May 2019. Now Defendant seeks leave to file the Third-Party Complaint over a year later and after the close of discovery. The Court also notes that the deadline to join new parties was October 1, 2019. (See Pretrial Scheduling Order, ECF No. 13) ("Any motion to. . . join new parties, whether by amended or third-party complaint, must be filed by October 1, 2019.") Defendant has not sufficiently explained why it needed to wait for the opinion of its expert before seeking leave to file the Third-Party Complaint. The Court sees no good cause for such delay. Accordingly, this factor weighs in favor of denying the Motion.

Next, the Court considers the probability of trial delay. It is very likely that the Third-Party Complaint will cause the delay of trial. Although a trial date has not been set, discovery has ended. If the parties are unwilling or unable to settle the matter, they will next proceed to a pretrial conference in order to prepare for trial. The addition of two new defendants would undoubtedly lead to significant delay—in essence returning the parties to the beginning of the discovery process. Therefore, this factor also weighs in favor of denying the Motion.

Next, the Court considers whether the addition of Roa and Mercurio as defendants would complicate issues at trial. Plaintiff argues that "the addition of two new defendants would complicate an otherwise straightforward products liability case at trial" as "the jury would have to simultaneously focus on a products liability case for the design of the door as well as a negligence case for the installation of the door." (Pl.'s Opp'n at 11.) Plaintiff cites to both *Panchisin v. Torres* and *Wells Fargo Bank, N.A. v. CCC Atlantic*, LLC, but both cases are distinguishable here. In *Panchisin v. Torres*, No. 11-5144, 2012 WL 5880346, at *3 (D.N.J. Nov. 20, 2012), the court found that there would be significant potential for complication of the issues at trial where the plaintiff sought to implead ten new third-party defendants. In *Wells Fargo Bank, N.A. v. CCC Atlantic, LLC*, 2013 WL 12156419, at *3 (D.N.J. Aug. 14, 2013), the court found that the case was a straightforward foreclosure action and therefore, "the proposed third-party complaint would unduly complicate the issues to be presented at trial" because if the court were to allow the joinder, the relatively straightforward foreclosure action would turn into a "complicated morass involving multiple claims and parties." The court also held that "further complication and delay will result from the fact that a jury has to hear the third-party claims while the foreclosure claims will be heard without a jury." That is not the case here. The Court does not find that the addition of two

new defendants nor the addition of a potential negligence claim would complicate the issues at trial before a jury. Accordingly, this factor weighs in favor of granting the motion.

The Court now turns to the fourth element, prejudice. The Court finds that Defendant filing the Third-Party Complaint would be prejudicial to Plaintiff because Defendant seeks to file the Third-Party Complaint at a significantly late stage in the litigation. The parties have since exchanged a significant amount of information to complete discovery and Plaintiff is entitled to move her case forward. Accordingly, this factor also weighs in favor of denying the Motion.

In sum, three of the four factors weigh in favor of denying Defendant's Motion. Upon consideration of the four factors and within the sound discretion of the Court, Defendant's Motion for Leave to File a Third-Party Complaint is hereby denied.

## V.  ORDER

For the reasons outlined above, and for other good cause shown,

**IT IS** on this 14th day of January, 2021 **ORDERED** that:

Defendant's Motion (ECF No. 34) is **DENIED**.

s/ Zahid N. Quraishi

_____
**ZAHID N. QURAISHI**
**UNITED STATES MAGISTRATE JUDGE**